1  medically determinable physical or mental impairment," (see Tr. at 18), but failed to provide a
2  sufficient explanation for this finding.  In particular, the ALJ did not sufficiently explain why the
3  opinions of plaintiff's treating mental health professionals should be rejected or why plaintiff
4  was not credible.

5  Given these circumstances, and, in particular, that the ALJ's analysis ended at step two
6  of the five-step evaluation process, the Court cannot find that "the record has been fully
7  developed" or that "further administrative proceedings would serve no useful purpose."  See
8  Smolen, 80 F.3d at 1292; see also Bunnell, 336 F.3d at 115-16 (remanding for further
9  proceedings where ALJ failed to provide adequate reasons for rejecting treating physician's
10 opinion and claimant's subjective complaints); Dodrill v. Shalala, 12 F.3d 915, 917-18 (9th Cir.
11 1993) (remanding for ALJ to identify specific facts in record demonstrating claimant in less
12 pain than alleged).  Consequently the Court will remand the action for further administrative
13 proceedings to afford the ALJ the opportunity to more fully set forth the basis for his
14 conclusions, to proceed with the sequential evaluation if appropriate, and to develop the
15 record as necessary.

## CONCLUSION

17 For the reasons stated above, plaintiff's motion for summary judgment is hereby
18 GRANTED in part, and defendant's cross-motion for summary judgment is DENIED.  The
19 matter is REMANDED for further proceedings consistent with this decision.
20 The Clerk shall close the file.
21 **IT IS SO ORDERED.**

22 Dated: May 11, 2005                      /s/ Maxine M. Chesney
                                             MAXINE M. CHESNEY
23                                           United States District Judge

24
25
26
27
28